## HEMLER v. ANDERS.
### No. 6147.

Court of Appeal of Louisiana. Second
Circuit.

May 3, 1940.

Warren Hunt, of Rayville, for appellant.

D. J. Anders, of Winnsboro, for appellee.

DREW, Judge.

Plaintiff instituted this suit against D. J. Anders on May 21, 1936, alleging that he made to defendant two loans amounting to $350, and that same had never been repaid. He attached to his petition two checks, one dated September 29, 1933, for $250, and the other, dated October 21, 1933, for $100. The checks are the only written evidence of the loan.

Defendant denied that the checks were issued to him as a loan and alleged that the $250 referred to in his petition was advanced by plaintiff to defray respondent's expenses in a joint venture entered into by plaintiff and Mrs. Elizabeth Hemler Adcock and F. C. McClanahan whereby respondent was employed to secure a contract from the Supervisor of Public Accounts, or rather to secure said contract, to recover certain sever-

ance taxes due the State of Louisiana by certain oil companies in this State; that said money was advanced to defray respondent's expenses in his various trips to New Orleans, Baton Rouge and Shreveport, Louisiana; and shows and avers that if the said contract was secured, your respondent was to be employed together with Hon. R. J. O'Neal to do all legal work and at a per centum of whatever fees were to be paid for said work.

Respondent further shows and avers that he has no knowledge who furnished the sum of $100, as set out in plaintiff's petition, but shows and avers that Mrs. Adcock and Mr. McClanahan brought to respondent the said check for $100 at his office at Winnsboro, Louisiana, and told him it was expense money furnished by the landowners in the Richland gas field to defray the expenses of the law firm of Anders & Anders to go to New Orleans and Baton Rouge, Louisiana, to assist in preparing data and briefing a case then pending before the Supreme Court and to defray said law firm's expenses in going to New Orleans and to assist in handling said case before the Supreme Court. Respondent avers that he does not know who furnished said sum of $100; that he was informed that it was furnished by several of the said Richland parish landowners in the Richland gas field; that he denies that same was furnished by the said John A. Hemler; that if any part of said sum was furnished by the said John A. Hemler, it was furnished to Mrs. Elizabeth Hemler Adcock and F. C. McClanahan and not to respondent, and respondent avers that he owes plaintiff nothing.

The lower Court, after hearing the evidence, rejected plaintiff's demands and he is prosecuting this appeal.

█ It is admitted by all parties that only questions of fact are involved and, unless the judgment of the lower court is manifestly erroneous, we will not disturb it.

█ The only testimony affecting the $250 check is that of plaintiff and defendant and the testimony relative to the $100 check is clearly with defendant. The plaintiff was not known in this last transaction, so far as defendant is concerned. One of plaintiff's witnesses testified he advanced $50 of the $100 and that nothing was said about a loan at the time. Clearly defendant does not owe plaintiff for the $100 check.

The testimony of plaintiff and defendant relative to the $250 check is irreconcilable

and one or the other is badly mistaken as to why it was issued. Whether the Judge below, who was well acquainted with both parties, pitched his decision upon the credibility of the parties or found that plaintiff had failed to prove his case by a preponderance of the testimony is not known to us. In either instance we would not be justified in disturbing the judgment. Our own conclusion is that plaintiff advanced the money, as contended by defendant, and that he did so in the hope of receiving many times the amount advanced, if the prospective litigation were successful. It was nothing more or less than a gamble on the outcome of a lawsuit, which in most instances is a very long shot.

There is no manifest error in the judgment of the lower court, and it is affirmed, with costs.